SIMONS, STUART M., Associate Judge,
dissenting:
The Defendant was convicted of stealing a purse from a woman in a shopping mall. The testimony of the victim was clear as to placing the Defendant in the role of the perpetrator. The Defendant’s defense was alibi and he testified that he was at work on the day and hour in question. The records of his employer supported this. The sole witness with personal knowledge of the Defendant’s whereabouts at the time of the crime was his supervisor at work. Although under subpoena to appear for the trial and although assuring the Defendant’s attorney that he would appear at trial, the supervisor failed to appear. The Court refused to continue the trial and refused to allow the Defendant to proffer the missing witness’ testimony.
Although the subpoena was delivered to the witness’ wife, it is proper service. Section 48.031, Florida Statutes (1976). This missing witness was an alibi witness whose testimony would have been highly probative of the ultimate fact, i.e., whether the Defendant committed the crime. Without the proffer I am unable to discern what, in fact, the missing witness would have said.
The record reflects that a motion for continuance was made at the time of trial, although it was done in rather imprecise terminology. The ground for the continuance was the missing testimony of the supervisor. I find this denial to be an abuse of discretion since the missing witness was an alibi witness whose testimony would have been highly probative of the fact of whether the defendant committed the crime. The Defendant should have been entitled to produce any witness who could place him elsewhere at the time of the crime. Green v. State, 377 So.2d 193 (Fla. 3d DCA 1979). Therefore, I would reverse and grant the defendant a new trial.